1
2
3
4
5
6
7
8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10    BILLY STANFORD,

11            Plaintiff,              No. CIV S-11-2909 GEB CKD PS

12       vs.

13    UNITED STATES OF AMERICA,       ORDER AND

14            Defendant.              FINDINGS AND RECOMMENDATIONS

15    _____/

16            Defendant's motion to dismiss for lack of jurisdiction came on regularly for

17    hearing January 11, 2012.  Plaintiff appeared in propria persona; also present at the hearing was

18    plaintiff's son, Chad Stanford.  AUSA Jason Ehrlinspiel appeared for defendant.  Upon review of

19    the documents in support and opposition, upon review of the supplemental materials submitted

20    by plaintiff at the hearing, upon hearing the arguments of plaintiff and counsel, and good cause

21    appearing therefor, THE COURT FINDS AS FOLLOWS:

22            This action was filed on September 7, 2011 in the California Superior Court,

23    County of Siskiyou.  Plaintiff named as a defendant a USDA Forest Service employee.  The USA

24    substituted in as the proper party and removed the action to federal court.

25            Plaintiff operates a mining claim in the Klamath National Forest.  The complaint

26    arises out of the destruction of the bridge providing access to the claim.  Plaintiff alleges that on

September 8, 2008, the Forest Service employee destroyed his property and seeks damages of $7500.

Defendant moves to dismiss, contending this court lacks subject matter jurisdiction because plaintiff did not file a tort claim under 28 U.S.C. § 2675(a) within the two years provided under 28 U.S.C. § 2401(b).  The tort claim presentation requirement is jurisdictional.  See Cadwalder v. United States, 45 F.3d 297, 300 (9th Cir. 1995).  Defendant has submitted the declaration of Cindi Boukidis, Supervisory LegalAdminstrative Specialist, who declares plaintiff did not submit an executed Standard Form 95[1] or any other written notification of a claim for money damages in a sum certain.  See Boukidis Decl. ¶ 3.

Plaintiff submits evidence that he sent several letters to the Forest Service asking them to "rectify [the] gross injustice" of having removed the bridge.  See Plaintiff's Exh. 16, 19 ("I need the bridge replaced"), 20 and 22 ("I need the USFS to make reparations"), 30 ("This is a letter of demand for you to replace the bridge spanning Big Creek that you removed on September 25, 2008").  These letters, however, cannot be construed as meeting the requirements of presenting a tort claim because they do not request a "sum certain" as required by 28 U.S.C. § 2675.  See Blair v. IRS, 304 F.3d 861, 865 (9th Cir. 2002).  Because plaintiff did not timely present a tort claim, he has failed to exhaust his administrative remedies.  The court does not have subject matter jurisdiction and the motion to dismiss should therefore be granted.

Plaintiff has requested an extension of time for leave to file an amended complaint.  Plaintiff requests leave to amend the amount of damages sought in the complaint and to allege a Bivens action against the forest service employee originally named as a defendant in this action.  Plaintiff also asserts that two exhibits were omitted from his opposition to the motion to dismiss.  As discussed above, because plaintiff did not timely present a tort claim, amendment of the amount of damages sought would be futile.  With respect to any Bivens action,

---

[1]  This form is used for submitting claims to the agency under the Federal Tort Claims Act.

1  such a suit would be time barred and again, amendment would be futile.  See Fiore v. Walden,

2  657 F.3d 838, 845 (9th Cir. 2011) (state personal injury statute of limitations applies to

3  constitutional tort claims brought under Bivens); Cal. Civ. Proc. Code § 335.1 (applicable

4  California statute of limitations is two years).  Finally, plaintiff has submitted, and the court has

5  considered, the additional exhibits.  Plaintiff's request for extension of time will therefore be

6  denied.

7         Plaintiff also has requested waiver of PACER fees.  Plaintiff has been served by

8  conventional means with all documents filed by the court or defendant in this action.  See Local

9  Rule 135(b).  There are thirteen docket entries in this action; the documents not filed by plaintiff

10  comprise less than thirty-five pages.  The PACER fee for copying such documents is ten cents

11  per page.  It does not appear that the PACER fees impose an undue burden on plaintiff.[2]  The

12  request for waiver of PACER fees will therefore be denied.

13         Accordingly, IT IS HEREBY ORDERED that:

14         1.  Plaintiff's motion for extension of time for leave to file amended complaint

15  (dkt. no. 10) is denied;

16         2.  Plaintiff's motion for PACER fee waiver (dkt. no. 12) is denied; and

17         IT IS HEREBY RECOMMENDED that:

18         1.  Defendant's motion to dismiss (dkt. no. 4) be granted; and

19         2.  This action be closed.

20         These findings and recommendations are submitted to the United States District

21  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

22  fourteen days after being served with these findings and recommendations, any party may file

23  written objections with the court and serve a copy on all parties.  Such a document should be

24  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

25  _____

26  [2]  Plaintiff also contends he wants to research other "related" cases filed in the federal courts but does not explain why these other cases are relevant to the issues raised herein.

3

1   objections shall be served and filed within seven days after service of the objections.  The parties

2   are advised that failure to file objections within the specified time may waive the right to appeal

3   the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4     Dated: January 13, 2012

5

6                                                     CAROLYN K. DELANEY
                                                      UNITED STATES MAGISTRATE JUDGE
7

8

9

4

10  stanford-usa.57

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4